JUSTICE LEAPHART,
dissenting.
¶53 I dissent. In resolving Issue I, the Court concludes that Royal’s subrogation right is entirely dependent upon § 39-71-414, MCA, and thus the two-year statute of limitations applicable to statutory rights is controlling. I agree that § 39-71-414, MCA, is the source of Royal’s subrogation rights. However, that statutory provision envisions that the parties may agree or contract on the terms of implementing the statutory liability. Section 39-7l-414(2)(b), MCA, provides that, “[t]he injured employee may request that the insurer pay a proportionate share of the reasonable cost of the action, including attorney fees.” I note that the statute does not say the injured employee can “demand” a proportionate share; rather he may “request.” It leaves the parties free to determine what constitutes a “proportionate share;” what are “reasonable costs” and-to agree upon whether those reasonable costs will be paid up front or in the final accounting. Accordingly, the statute invites a hybrid contractual/statutory arrangement.
¶54 As the WCC noted, on June 2,1989, Mr. White wrote to Royal’s attorney as follows: “We would also agree to your client, Royal Insurance Company’s participation in the action against Exxon and Great *525 Western Chemical with the $5,000 cost advancement.” On June 6, 1989, Royal’s attorney replied, writing in relevant part: “The insurer accepts your offer to fully participate in the third party action against Exxon and Great Western Chemical by paying a $5,000.00 cost advancement. No other cost advancements will be required of Royal Insurance in order to fully participate.” Thus, by way of an offer and acceptance, the parties clearly “agreed” that $5,000 was a proportionate share of “reasonable costs.” Furthermore, despite the fact that the statute does not require that such reasonable costs be paid up front, the parties agreed that Royal would “advance” the costs.
¶55 Where the parties enter into an agreement settling a legal claim and the agreement is supported by consideration, that agreement constitutes a contract and is enforceable as such. Heatherington v. Ford Motor Co. (1993), 257 Mont. 395, 849 P.2d 1039. The WCC correctly concluded that Royal and White, an attorney for Roadarmel, entered into an enforceable contract. Thus the applicable statute of limitations is the five- or eight-year period specified in § 27-2-202, MCA. Since the petition was filed within five years after Roadarmel’s judgment against Great Western was paid, I would hold that it was timely and Royal is entitled to enforce its subrogation interest.
¶56 I also dissent as to the resolution of Issue II: Did the WCC err in concluding that the action by Royal against the attorney White is not barred by the three-year statute of limitations of § 72-34-511(l)(a), MCA, governing actions based upon an alleged breach of trust?
¶57 Royal argues that the three-year statute of limitations of § 72-34-5 ll(l)(a), MCA, did not begin to run until White disclosed his breach of trust for the first time on March 13, 1998, when Royal learned through discovery that White had disbursed the third-party funds to Roadarmel in 1994.
¶58 The Court, relying on its resolution of Issue I, concludes that Royal’s claim against Roadarmel based on the “first lien” created by § 39-71-414(1), MCA, was extinguished as a matter of law two years after it received the notice of February 4,1994. Thus, after that point in time (February 4,1996), White could no longer be characterized as a trustee, constructive or otherwise, of the third-party proceeds.
¶59 Since I disagree with the Court’s application of the two-year statute of limitations in resolving the first issue, I also disagree with its conclusion as to Issue II. As indicated above, I would affirm the WCC in applying the longer five- to eight-year statute of limitations to this hybrid contractual/statutory obligation. Accordingly, I would *526 hold that White was still a trustee as of 1998 when the alleged 1994 breach of trust was first disclosed. Thus, Royal’s petitions with regard to the breach of trust were timely filed under § 72-34-511(l)(a), MCA.
¶60 I would affirm the WCC on both Issues I and II.
CHIEF JUSTICE TURNAGE and JUSTICE GRAY join in the foregoing dissenting opinion.